In re The NATIONAL SUGAR REFINING COMPANY, Debtor.

Bankruptcy No. 81 B 11756(EJR).

United States Bankruptcy Court, S. D. New York.

Oct. 30, 1981.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for debtor.

Burton M. Freeman, New York City, Vice President and Counsel Bankers Trust Co.

Zalkin, Rodin & Goodman, New York City, for Czarnikow.

Moses & Singer, New York City, for Bankers Trust Company.

EDWARD J. RYAN, Bankruptcy Judge.

On September 3, 1981, National Sugar Refining Company ("NSR") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. NSR is operating as debtor in possession.

On August 21, 1981, and August 26, 1981, respectively, C. Czarnikow, Inc. ("Czarnikow") and NSR entered into two contracts requiring Czarnikow to sell and deliver a total of 6,550 long tons of raw cane sugar (the "sugar") to NSR in September 1981.

On September 11, 1981, prior to the filing of the contempt application, Czarnikow filed an application with this court (the "Czarnikow original application") upon which an order to show cause was issued to appear before this court on September 16, 1981 for purposes of determining the respective rights of NSR, Czarnikow and Bankers Trust Company ("Bankers") in the aforementioned sugar. Bankers is the lending institution of NSR and has alleged it possesses a lien on the sugar.[1]

At the hearing on Czarnikow's original application on September 16, 1981, Czarnikow's attorneys announced that their client had exercised its right to stop the sugar in transit. It is unclear from counsel's announcement in open court how the directive was issued and no testimony relative to the manner in which Czarnikow allegedly stopped the sugar in transit was given or proffered. Czarnikow has never filed an application or other request for relief from the automatic stay provisions of Section 362 of the Bankruptcy Code.

On the same day that Czarnikow's attorneys announced that there had been a stoppage in transit of the sugar, NSR immediately filed a contempt application alleging violation of Section 362 of the Bankruptcy Code, and this court entered an order to show cause thereon returnable September 21, 1981.

The hearing of September 16, 1981, on Czarnikow's application, was adjourned to September 18, 1981, at which time this court made a ruling relative to the respective rights of NSR, Czarnikow and Bankers with respect to the sugar and its disposition. The court held that Czarnikow had exercised its right of stoppage in transit of the 6,550 tons of sugar and that such sugar should be sold by Czarnikow with the proceeds to be held by Czarnikow until the dispute with respect to the rights of Czarnikow and Bankers was resolved.

On September 21, 1981, this court, judging it necessary to unload the sugar at once to allow the carrier of the sugar to leave

---

1. Bankers had filed an application asserting rights in the sugar based upon its alleged secur-ity interest in the sugar; however these issues are not germane to this contempt proceeding.

port and embark upon its next charter (which transaction was unconnected with these proceedings), entered an order consistent with its September 18, 1981 ruling.

NSR then filed an application pursuant to Rule 923 of the Rules of Bankruptcy Procedure for alteration or amendment of this court's order signed September 21, 1981 or, in the alternative, for a new trial, which application is returnable on November 9, 1981.

This court has ruled previously by its order of September 21, 1981, adjudicating NSR's right to the sugar, that Czarnikow had exercised its right to stop the sugar in transit. However, it is unclear exactly what actions were taken by Czarnikow due to the lack of evidence presented at any of the hearings heretofore mentioned. The application of NSR to hold Czarnikow in contempt of court must be reserved pending a full evidentiary hearing and pending the hearing on the November 9, 1981 application.

Based upon the foregoing, it is ordered that NSR's application to hold Czarnikow in contempt of court is denied without prejudice to renew the application after a full evidentiary hearing relative to the transaction involving the sugar is held.